UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DAVID K. BROADBENT, as court-appointed receiver for Zurixx, LLC and related entities., <br><br> Plaintiff, <br><br> v. <br><br> OLD HOME LOVE, CORP, a Utah corporation; CANDIS MEREDITH, an individual; and ANDY MEREDITH, an individual, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING RECEIVER'S MOTION FOR ENTRY OF DEFAULT (DOC. NO. 26)** <br><br> Case No. 2:20-cv-00762 <br><br> Judge Dale A. Kimball <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff David K. Broadbent, the court-appointed receiver, filed a motion for entry of default as to all defendants for failing to file notices of appearance pursuant to the court's order granting withdrawal of counsel. (Doc. No. 26.) The receiver seeks entry of a certificate of default, relying on Rules 16(f), 37(b)(2), and 55(a) of the Federal Rules of Civil Procedure and Rule 55-1(a) of the Local Civil Rules. The court ordered the receiver to submit supplemental briefing regarding whether an entry of default is the appropriate sanction pursuant to Rules 16(f) and 37(b)(2), under these circumstances. (Doc. No. 27.) The court also invited the receiver to include supplemental briefing as to whether failing to file notices of appearance after being ordered to do so constitutes failure to plead or otherwise defend, pursuant to Rule 55 and Local Rule 55-1(a). (*Id.*)

The receiver filed a supplemental brief arguing default judgment is an appropriate sanction under Rules 16(f) and 37(b)(2) for failure to comply with the court's order to enter appearances. (Suppl. Br. on Receiver's Mot. for Entry of Default J. 3–7, Doc. No. 28.) The

1

supplemental brief acknowledges that Rule 55 "may not be the vehicle for such default." (*Id.* at 3.) Separately, the receiver filed a motion seeking default judgment as a sanction without reliance on Rule 55. (Doc. No. 29.) That motion for default judgment is pending before the district judge.

The District of Utah's Local Rule 83-1.4(e)(5) provides that, when a motion to withdraw is granted, "[a]n unrepresented party who fails to appear within twenty-one (21) days after entry of the order, or within the time otherwise required by the court, may be subject to sanction pursuant to Federal Rule of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment." DUCivR 83-1.4(e)(5). Rule 16(f) of the Federal Rules of Civil Procedure provides that a court may issue an order imposing sanctions, "including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). The sanctions permitted under Rule 37(b)(2)(A) include "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi).

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Likewise, Rule 55-1(a) of the Local Civil Rules permits the clerk to enter default pursuant to Rule 55(a) if the clerk determines that "service has been effected, that the time for response has expired, and that [the] party against whom default is sought has failed to plead or otherwise defend." DUCivR 55-1(a).

Here, the defendants filed answers, (Doc. Nos. 15 & 18), and therefore did not "fail[] to plead or otherwise defend" this action as required for entry of a default under Rule 55(a) and Local Rule 55-1(a). *See Pro Star Logistics, Inc. v. An Enter.*, No. 2:17-CV-491-TS, 2018 U.S.

Dist. LEXIS 62283, *2 (D. Utah Apr. 11, 2018) (unpublished) (declining to enter default under Rule 55(a) for a party's failure to appear after withdrawal of counsel).  Accordingly, the receiver is not entitled to entry of a default certificate pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Rule 55-1(a) of the Local Civil Rules.  Furthermore, Rules 16(f) and 37(b)(2) permit entry of default judgment as a sanction—not entry of a default certificate as the receiver seeks in his motion.

For these reasons, the receiver's motion for entry of default is DENIED.  However, this order shall not prevent the receiver from proceeding with his motion for default judgment (Doc. No. 29) which seeks entry of default judgment as a sanction under Rules 16(f) and 37(b)(2).

### NOTICE TO PARTIES

The order shall be sent to the defendants at the address and email addresses set forth in the Motion for Withdrawal of Counsel, (Doc. No. 23), and to all other parties.

DATED this 22nd day of October, 2021.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge